Parker C. J.
There must be a new trial in this case, the Court being all of opinion that the facts contained in the second ground of defence, as reported by the judge, if true, will constitute a good defence to the action. These facts are, that at the time when the expense was incurred, there was a place provided for the pauper’s support in Wendell, where her settlement was ; that this place was so near that she might walk to it without any difficulty ; and that all this was known to the plaintiffs, to the person who supplied the pauper in New Salem, and to the pauper herself.
If under such circumstances the plaintiffs could recover, great inconvenience and mischief would happen to those towns which make suitable provision for their poor ; for to avoid such portion of labor as may lawfully be required of them, *365 paupers would be apt to wander to neighbouring towns and get supplied without labor, and the discipline and economical arrangements which are necessary to keep the expenses of towns within reasonable bounds, would often be frustrated.
A poor person, suitably provided for in the town where she belongs, cannot be said to stand in need of relief in any other town, because she has wandered from her proper home to a neighbouring town. In such cases the overseers of the town to which she may come, should give immediate notice to the overseer's of "the town of her settlement, in order that they may cause her to be brought back ; and if the latter neglect this duty, their town may be answerable. So in the case of sudden sickness or inability to return, the town which supplies may have its remedy ; and also, if the pauper should wander to some distant town, and there fall into distress or stand in need of relief, the expenses necessarily incurred might be recoverable. But the case supposed by the defence rejected, is that of a pauper strolling into the next adjoining town, able to walk back tó her place of refuge, and no notice given to the defendants until after the expense sued for was incurred. If this statement shall be maintained at the trial, the plaintiffs cannot be entitled to recover.[1]

New trial granted.

 See Sturbridge v. Holland, 11 Pick. 459 ; Backus v. Dudley, 3 Conn. R. 568 ; Essex v Milton, 3 Vermont R. 17.